# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH NARCISSE,

       Plaintiff,               :         Case No. 3:07-cv-253

                                           District Judge Timothy S. Black
   -vs-                                  Magistrate Judge Michael R. Merz

                                  :

SAMUEL A. BARHORST,

       Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Plaintiff's Motion for Judgment on the Pleadings seeking dismissal of Intervening Plaintiff Morrow, Morrow, Ryan and Bassett's ("MMRB") First Amended Intervening Complaint (Doc. No. 51, "MMRB Complaint"). MMRB opposes the Motion (Doc. No. 52) and Plaintiff has filed a Reply in support (Doc. No. 53).

       A motion for judgment on the pleadings is classified as dispositive by the Magistrate's Act, 28 U.S.C. § 636(b)(1)(A), and therefore requires a report and recommendations from a magistrate judge to whom such a motion is referred. 28 U.S.C. § 636(b)(1)(B). The case, including this Motion, has been referred to the undersigned by Judge Black after the prior reference by Judge Rice expired (Doc. No. 49).

       Plaintiff seeks dismissal on grounds this Court lacks subject matter jurisdiction. MMRB and Plaintiff are both citizens of the State of Louisiana for jurisdiction purposes and the amount in controversy between them is less than $75,000. Therefore this Court would not have original jurisdiction under 28 U.S.C. § 1332. However, MMRB's claims are part of the same case or controversy as Plaintiff makes against Defendant Barhorst and the Court therefore has subject matter

1

jurisdiction pursuant to 28 U.S.C. § 1367.  This branch of the Motion should be denied.

Plaintiff also seeks dismissal on his defense of *res judicata*.  He asserts that all claims made against him in this case were or could have been made in a prior lawsuit brought against him by MMRB, *Morrow, Morrow, Ryan & Bassett v. Joseph Narcisse*, Case No. 08-C-0853-C, in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana.

MMRB, a law firm, alleges  Plaintiff retained it to represent him in seeking to recover from Mr. Barhorst for his injuries incurred during the collision involving both of them in Shelby County, Ohio, on July 25, 2005 (MMRB Complaint, Doc. No. 51, ¶¶ 6, 7, & 8).  MMRB alleges it is the holder of certain promissory notes executed by Mr. Narcisse, that he defaulted in payment, and that it recovered judgment in the amount of $8, 641.78 on the notes and $2, 160.00 in attorney fees.  *Id.* ¶¶ 14, 16, 17, & 18.  In addition, MMRB seeks to recover expenses advanced on behalf of Mr. Narcisse during their representation and in *quantum meruit* for the value of the services they provided.

MMRB contends that *res judicata* does not apply because there has not been a final judgment on the merits of its claims against Mr. Narcisse.  It asserts that its claims against him in this case are based upon the contract of representation whereas the former case was based on the notes.  Of course it effectively admits that the notes are not completely independent of the prior relationship in that Mr. Narcisse borrowed the money for living expenses and gave the notes as security, but MMRB was the guarantor on the notes and forced to pay them when Mr. Narcisse defaulted (Response, PageID 240). MMRB makes clear that it does not seek to recover in this case any different amount for expenses beyond the amount awarded in the Louisiana case.  MMRB concludes that since there are different issues of law and fact on its present claims than on the ones made in the Louisiana suit, it is not barred here by *res judicata*.

In reply, Narcisse argues the Louisiana law does not support MMRB's position.  He also contests MMRB's position on the merits of the quantum meruit claim, asserting MMRB abandoned

him, rather than his discharging MMRB.

## Analysis

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989).

Both parties agree that Louisiana *res judicata* law is codified. La. R.S. 13:4231 provides in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(Quoted in Reply, Doc. No. 53, PageID 245; cited by MMRB in Memo in Opp., Doc. No. 52, PageID 241.)

The MMRB Complaint contains four claims. Claim 1 asserts MMRB's rights as assignee of Narcisse's "rights arising out of the accident to the extent of any amounts borrowed from MMRB for living expenses and/or expenses directly related to the case." (Doc. No. 39, PageID 165, ¶ 8.) In Claim 2 it asserts its rights on the promissory notes, but also that those rights were reduced to judgment. *Id.* ¶¶ 12-18. In Claim 3 it asserts its right to recover litigation expenses it incurred on

3

behalf of Narcisse in the amount of $3,355.03. In Claim 4 it asserts its *quantum meruit* rights.

MMRB argues there has been no final decision on the merits of its present claims against Narcisse and there should therefore be no *res judicata* bar, citing *Bragg v. Flint Bd. of Educ.*, 570 F3d 775 (6th Cir. 2009), quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* at 880. This states the general federal rule of *res judicata*. However, the Louisiana statute is broader, merging all causes of action which existed at the time of the final judgment, not just those actually pled.

MMRB also relies on *Blanchard v. The ABC Ins. Co.*, 867 So. 2d 901 (La. App. 2nd Cir. 2004). The court held that the declaratory judgment action against a neighboring landowner to judicially determine the boundaries of the property and the malpractice action against the lawyer who gave the advice which made the declaratory judgment action necessary did not arise out of the same transaction or occurrence. *Id.* at 906. That is materially different than the situation here where all of MMRB's claims against Narcisse arise out of MMRB's representation of Narcisse as to the underlying personal injury claim. Importantly, the court in *Blanchard* adopted a broader meaning of "transaction or occurrence" than the one contended for by MMRB in this case. "All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." (Citations omitted.)" 867 So. 2d at 905, quoting *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28,* 702 So. 2d 1057, 1060 (La. App. 3d Cir. 1997),

It is undisputed between these parties that the attorney-client relationship between them had ended before MMRB filed suit in Louisiana. There is also no doubt that all of MMRB's claims against Narcisse arise out of that relationship. Therefore all causes of action existing at the time of final judgment on March 28, 2008, are merged in the judgment. MMRB cannot sue in this Court on

any claim (1) for amounts borrowed by Narcisse from MMRB for living or litigation expenses, (2) on the promissory notes, or (3) in *quantum meruit*.

However, MMRB's rights as assignee of Narcisse's rights against Barhorst had not accrued at the time of the final judgment in Louisiana, because Narcisse's rights against Barhorst had not yet been determined. Secondly, Plaintiff does not claim that the Louisiana judgment has been satisfied. Obviously suit on the judgment is not barred by the judgment itself; rather, pre-existing causes of action are merged in the judgment. Therefore Plaintiff's Motion should be granted to the extent that it seeks to limit MMRB's recovery to the total amount of the Louisiana judgment, but otherwise denied.

December 22, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).