UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH NARCISSE, *et al.*, | : | Case Nos.   3:07-cv-253 |
|  | : | 3:10-cv-079 |
| Plaintiffs, | : |  |
|  | : | Judge Timothy S. Black |
| vs. | : |  |
|  | : |  |
| SAMUEL A. BARHORST, | : |  |
|  | : |  |
| Defendant. | : |  |

**DECISION AND ENTRY DENYING PLAINTIFF DESMOND GUILLORY'S
MOTION FOR SUMMARY JUDGMENT (Doc. 73)**

This case is before the Court on Plaintiff Desmond Guillory's Motion for Summary Judgment (Doc. 73) directed against the claims asserted by Intervening Plaintiff Morrow, Morrow, Ryan and Bassett ("MMRB"), and the parties' responsive memoranda (Docs. 74, 76).

**I.   BACKGROUND FACTS**

The facts relevant to the dispute between Guillory and MMRB were previously set forth by the Court in denying Guillory's Motion for Judgment on the Pleadings, and the facts at issue in this Motion are the same.  (Doc. 66).  Guillory was injured in an automobile accident in Shelby County, Ohio in July 2005.  (Doc. 7 in Case No. 3:10-cv-79).  At the time of the accident, Guillory was a "passenger in a 2000 International semi-truck" driven by co-Plaintiff, Joseph Narcisse.  (Doc. 1 in Case No. 3:10-cv-79). The accident at issue involved a collision between the semi-truck driven by Narcisse and a pick-up truck driven by Defendant Samuel Barhorst.  (*Id.*)

On January 20, 2006, Guillory's mother, Phyllis Narcisse, contracted with MMRB,

a law firm in Louisiana, to represent Guillory with regard to his claims against Barhorst arising from the accident.  (*Id.*)  Among the terms and conditions set forth in that contract, are the following:

> (1) Attorney [MMRB] is to receive as compensation for his services 33 1/3 percent of whatever gross amount is collected;
>
> . . .
>
> (3) Client will be responsible for expenses from his share of any recovery;
>
> (4) If money is borrowed for living expenses or for expenses directly related to the case, as allowed for by law, the Client grants to the Attorney and any lending institution financing the case an Assignment in his case to pay off those loans and interest;

(*Id.*)

Pursuant to the terms of the contract, MMRB advanced $21,110.66 in living expenses and expenses to Phyllis Narcisse, purportedly on behalf of Guillory.  (*Id.*)  Attached to the Complaint are seven separate promissory notes evidencing loans made by Washington State Bank to Phyllis Narcisse on behalf of Desmond Guillory.  (*Id.*)  Those notes show loans in the amounts of $983.72, $15,787.53, $1,081.33, $561.79, $1,075.27, $558.75, and $1,062.27, all at an interest rate of 11.5%, and all purportedly signed by "Phyllis Narcisse (on behalf of Desmond Guillory)[.]"  (*Id.*)

MMRB is the last holder for value of the promissory notes.  (*Id.*)  Following a demand for payment of the advances made to Guillory, and Guillory's default on those notes, MMRB filed a civil action against Guillory seeking the balance due under the notes.  (*Id.*)  A Louisiana court ultimately issued a judgment in favor of MMRB and

against Phyllis Narcisse in the amount of $25,408.38, with interest, costs, and $6,000 in attorney's fees. (*Id.*)

In March 2010, Guillory filed an action against Barhorst in this Court asserting claims arising from the July 2005 accident. Thereafter, MMRB intervened seeking: (1) the money owed on the judgment issued in Louisiana relating to the living expenses advanced to Guillory; (2) the amount of litigation expenses advanced to Guillory; and (3) a quantum meruit fees award for the work performed representing Guillory in Louisiana.

Guillory requests judgment in his favor on MMRB's first intervening complaint, claiming that: (1) at the time he reached the age of majority he executed a valid rescission of any prior contract with MMRB; and (2) in the alternative, MMRB's claims are barred by res judicata.

## II. UNDISPUTED FACTS

1. MMRB is a law firm with its principal place of business in Opelousas, Louisiana. (Complaint at ¶1).

2. At all times relevant to the claims alleged by MMRB, Desmond Guillory was a resident of the city of Eunice, Louisiana. (Complaint at ¶ 2).

3. On or about July 25, 2005, Guillory was injured in an automobile accident, which was caused by Defendant Samuel A. Barhost, when the vehicle in which Guillory was riding, and Defendant's vehicle, were both traveling on State Route 274 in Shelby County, Ohio. (Complaint at ¶¶ 6,7).

4. On or about January 20, 2006, Mr. Guillory's mother, Phyllis Narcisse, retained MMRB to represent him in regards to the personal injuries he sustained.  (Complaint at ¶ 8).

5. Desmond Guillory's date of birth is March 7, 1990.  (Doc. 73, Ex. 2).

6. At the time of the accident, Mr. Guillory was 15 years old.  (Doc. 73, Ex. 2).

7. Mr. Guillory never entered into a contract with MMRB for legal representation or for any sort of loans because he was a minor at the time of MMRB's representation of him and, therefore, unable to contract.  (Doc. 73, Ex. 2).

8. MMRB filed suit against Mr. Guillory's mother, Phyllis Narcisse, on said notes and obtained a judgment in Louisiana.  (Complaint at ¶15).

9. At the time the Louisiana lawsuit was filed, Guillory was still a minor and was not a named Defendant in the lawsuit.  (Doc. 73, Ex. 2).

10. MMRB attached to the pleadings in the Louisiana lawsuit against Phyllis Narcisse the same seven promissory notes that MMRB has attached to the pleadings in this action against him.  (Doc. 73, Exs. 2, 3).

11. MMRB obtained a judgment against Phyllis Narcisse, on or about April 18, 2008, for her failure to pay the sum due on the promissory notes, in the matter of *Morrow, Morrow, Ryan & Bassett v. Phyllis Narcisse,* Case No. 08-C-1022-C, in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana.  (Doc. 73, Exs. 2, 3).

12. Said judgment was for $25,448.38 for unpaid loans and case expenses, and $6,000.00 for attorneys' fees, plus costs and interests.  (Doc. 73, Exs. 2, 3).

13. MMRB obtained a second judgment against Phyllis Narcisse on or about January 11, 2010 for her failure to pay the sum due on the promissory notes, in the matter of *Morrow, Morrow, Ryan & Bassett v. Phyllis Narcisse,* Case No. 09-C-5400-C, in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana.  (Doc. 73, Exs. 2, 3).

14. Said judgment was for $6,870.79 for unpaid loans and case expenses, plus $1,700.00 for attorneys' fees, plus costs and interests. (Doc. 73, Exs. 2, 3).[1]

16. Since Guillory attained the age of majority, he has neither affirmed the agreements signed by his mother with MMRB, nor agreed to repay any debt allegedly owed to MMRB. (Doc. 73, Exs. 2, 3).[2]

### III.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment  -  rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

---

[1] MMRB denies Guillory's allegation that Phyllis Narcisse's agreement with MMRB for legal representation terminated prior to MMRB obtaining its initial judgment against her in 2008.

[2] MMRB denies Guillory's allegation that pursuant to Louisiana law, since he never entered into a contract with MMRB for legal representation or for any sort of loans, he has rescinded all agreements signed on his behalf by his mother.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Technologies, Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010) (citing Fed. R. Civ. P. 56(e)(2)).  Instead, the party opposing summary judgment "must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial."  *Id.* (citing Fed. R. Civ. P. 56(e)(2)).

## IV.  ANALYSIS

### A.  Rescission

Guillory contends that he rescinded the contract with MMRB upon reaching the age of majority, and, therefore, he is not required to repay any amount to MMRB.

In Louisiana,[3] "unemancipated minors" do not have the capacity to contract,[4] and "[a] contract by an unemancipated minor may be rescinded on grounds of incapacity except when made for the purpose of providing the minor with something necessary for his support or education, or for a purpose related to his business."  La. Civ. Code arts. 1293, 1918.  Further, a contract for legal representation made by a natural parent of a minor for a minor's personal injury claims is legally binding against the minor if it is

---

[3]  The parties do not dispute that Louisiana law applies to the issues presented in Guillory's motion.

[4]  Under Louisiana law "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished."  La. Civ. Code art. 1906.  "The four elements of a valid contract are: (1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose."  *La Bo J P'ship v. Louisiana Lottery Corp.*, 6 So.3d 191, 194 (La. App. 2009) (citing *Provenza v. Central & Sw. Servs., Inc.*, 775 So.2d 84, 85 (La. App. 2000)).

reasonable. *S. Shipbuilding Corp. v. Richardson*, 372 So.2d 1188, 1190-91 (La. 1979). Accordingly, Phyllis Narcisse was permitted to bind Guillory to a contract for legal representation at a reasonable rate. In certain circumstances and under certain conditions, a parent or a tutor can borrow money on behalf of a minor and pledge the minor's property under Louisiana law. *See Deville v. Fed. Sav. Bank of Evangeline Parish*, 635 So.2d 195, 197-98 (La. 1994) (finding that the person charged with the administration of a minor's affairs, *i.e.* a tutor or tutrix, can "borrow money for the purpose of preserving or administering the minor's property, of paying debts, or for the care, maintenance, training or education of the minor" and can further "pledge the minor's property" with "prior express authorization" of the court) (citing La. Civ. Code arts. 4267,[5] 4271, 3148). *See also* La. Civ. Code Proc. art. 4501.[6]

In the instant case, Ms. Narcisse admits to executing the Agreement on Guillory's behalf. (Doc. 73, Ex. 3). Pursuant to the Agreement, Guillory assigned an interest to MMRB to pay back money borrowed for living and case-related expenses. (*Id.,* Ex. A Section 4). Under its plain terms, Guillory is responsible for expenses from his share of

---

[5] La. Civ. Code art. 4267 provides that "[w]hen it appears to the best interest of the minor, and after compliance with Article 4271, the court may authorize a tutor to borrow money for the purpose of preserving or administering the property, of paying debts, for expenditures in the regular course of a business conducted in accordance with Article 4266, or for the care, maintenance, training, or education of the minor. As security for such a loan, the court may authorize the tutor to mortgage or pledge property of the minor upon such terms and conditions as it may direct. Before authorizing a loan, the court may require the tutor to furnish additional security in an amount fixed by the court."

[6] La. Civ. Code art. 4501 provides that actions may be taken by natural parents "not divorced or judicially separated . . . in the same manner and by pursuing the same forms as in case of a minor represented by a tutor[.]"

any recovery.  (*Id*. at ¶ 3, Ex. A at Section 3).  The Agreement authorized MMRB to withhold from any recovery "an amount to pay . . . Attorneys fees and expenses." (*Id.*, Ex. A at Section 5).  Relying on these terms, MMRB performed legal services for Guillory and incurred expenses. (*Id.*, at ¶ 5).

There is no evidence that the Agreement's terms were unreasonable.  The Notes are also enforceable against Guillory because they were necessary to secure money to pay for living and case-related expenses and were executed on his behalf. (Doc. 75 at ¶ 6). Ms. Narcisse had a duty to protect and provide for Guillory and could therefore execute the Notes on his behalf to secure the money.

Under Louisiana law, a contract cannot be rescinded where the purpose of the contract is to provide the minor with necessities for support or education, or for a purpose related to his business.  La. Civ. Code art. 1923.  Here, the Agreement's purpose was to secure legal representation for Guillory to protect his legal rights arising out of the 2005 accident.  (Doc. 75 at ¶ 2).  The Notes' purpose was to obtain money to cover necessary expenses related to Guillory's support and legal rights.  (*Id.* at ¶ 6).  There is no evidence to the contrary and therefore Guillory cannot rescind the Agreement or the Notes.

Guillory further argues that confirmation was necessary.[7]  However, a relative nullity may be invoked "only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative."  La. Civ. Code art. 2031.  Where a party invokes a relative nullity as a defense, it must establish

---

[7] A confirmation is an act or declaration by which a person "cures the relative nullity of an obligation."  La. Civ. Code art. 1842.

-8-

that it is of the same class of person for whom the nullity was established. *Hibernia Nat. Bank v. Smith*, 697 So.2d 1051, 1054 (La. Ct. App. 1997). The incapacity of a minor cannot be used to nullify a contract unless the minor himself invokes it. *Harris v. Ward*, 224 So.2d 517, 521-2 (La. Ct. App. 1969). Where a minor attempts to rescind a contract, he is invoking its relative nullity as a defense. *Deville*, 635 So.2d at 197. The relative nullity may not be invoked, however, where the purpose of the contract was to provide the minor with necessities for support or education, or was for a purpose related to business. *Id.*, La. Civ. Code art. 1923.

In this case, the purpose of the Agreement and the Notes was to provide Guillory with services necessary to preserve his legal rights, and money for living and case-related expenses. (Doc. 75 at ¶¶ 2, 6). These contracts fall into the exception described in Article 1923 of the Louisiana Civil Code, and Guillory cannot invoke his minority as a relative nullity. Therefore, MMRB need not demonstrate confirmation because there is no relative nullity to cure.

Accordingly, MMRB has enforceable contracts with Guillory.

### B. Restitution

Even if Guillory could rescind the loans to the extent they were not for support, he is still required to pay back the amounts he received. The Notes are evidence of the amounts paid and restoration of those amounts is required by Louisiana law from any recovery obtained by Guillory. Pursuant to current Louisiana law:

> Upon rescission of a contract on the grounds of incapacity,
> each party of his legal representative shall restore to the other

>    what he has received thereunder.  When restoration is
>    impossible or impracticable, the court may award compensation
>    to the party to whom restoration cannot be made.

La. C.C. Art. 1921.[8]

Therefore, Guillory is liable for the amounts owed on the promissory notes.

### C.     Res Judicata

In the alternative, Guillory argues that res judicata bars MMRB's claims as a result of a judgment entered by a Louisiana court against Phyllis Narcisse arising from her liability on the promissory notes.  In Louisiana, the doctrine of res judicata is codified in La. Rev. Stat. § 13:4231, which provides:

>    Except as otherwise provided by law, a valid and final judgment is
>    conclusive between the same parties, except on appeal or other direct
>    review, to the following extent:
>
>    (1) If the judgment is in favor of the plaintiff, all causes of action
>    existing at the time of final judgment arising out of the transaction or
>    occurrence that is the subject matter of the litigation are extinguished
>    and merged in the judgment.

Res judicata under the statute applies upon the satisfaction of the following elements:

>    (1) the judgment is valid; (2) the judgment is final; (3) the parties are the
>    same; (4) the cause or causes of action asserted in the second suit existed at
>    the time of final judgment in the first litigation; and (5) the cause or causes
>    of action asserted in the second suit arose out of the transaction or
>    occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003).

Here, the main dispute regarding the application of res judicata is whether the

---

[8] Guillory's argument to the contrary rests on outdated case law which is based on outdated Louisiana law.  La. Civ. Code art. 1793 and 2229 were replaced by La. Civ. Code art. 1921.

-10-

Louisiana case involved "the same parties." The same party requirement "does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits." *Id*. at 1054.

The judgment issued in the Louisiana case was issued against Phyllis Narcisse solely in her individual capacity based on some theory of individual liability on the promissory notes, not in a representative capacity on behalf of Guillory. The current action involves Guillory alone. MMRB's claims against Guillory arise from the Agreement which Ms. Narcisse validly entered on Guillory's behalf, and the Notes which she admits to executing on his behalf. (Doc. 72, Ex. 3 at 2). As the claims are raised against Guillory alone, there is no "identity of parties," and res judicata does not apply.

Guillory inaccurately argues that the judgment of the Louisiana State Court "was based upon the exact same allegations set forth" in MMRB's Intervening Complaint. (Doc. 72, Ex. 1 at 12-13). However, the Court finds that there are several material differences between the two sets of allegations, most notably that the prior complaint does not demand judgment for breaches of the Agreement, unpaid legal expenses, or unjust enrichment. (Doc. 39 at ¶¶ 11-22). Moreover, Guillory is not even mentioned in the prior action. (*Id.*) Therefore, the pleadings are not identical and there is no evidence that either Guillory or Ms. Narcisse, in her representative capacity, were previously sued by MMRB.

Accordingly, res judicata does not apply.

## V. CONCLUSION

Based on the foregoing, Plaintiff Guillory's Motion for Summary Judgment (Doc.

-12-

73) is **DENIED**.

        **IT IS SO ORDERED.**

Date:   2/3/2012

                                            */s/ Timothy S. Black*
                                            Timothy S. Black
                                            United States District Judge